

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5084
Re: Whether the title to H.B.
251, Chapter 212, Acts
of the Regular Session,
42nd Legislature, is suffi-
cient to amend subsection
10b of Article 7047 R.C.S.,
1925; and related questions.

In your letter of January 5, 1943, you request
the opinion of this department as to the constitutionality
of the above captioned amendatory act. According to such
letter, certain general and special agents of life insurance
companies are refusing to pay their occupation taxes, and
are contending that H.B. 251 above is unconstitutional be-
cause the title thereto is defective.

### HISTORY OF THE ACT

In 1895, by H.B. 412, Acts of the Regular Ses-
sion, 24th Legislature, the first occupation tax upon in-
surance agents was passed in Texas. It provided for an
occupation tax upon general and local agents of life,
fire, marine, and accident insurance companies; also
upon local agents of Industrial life insurance companies.

In the Revised Statutes of 1895, Article 5049
was substantially the same as H.B. 412 above, except it
provided for an occupation tax upon certain insurance
companies doing business in this State in addition to the
tax upon certain agents thereof.

At the First Called Session of the 25th Legis-
lature of 1897, Article 5049 was amended and "general ad-
justers of losses . . . of life, fire, marine and accident

Honorable George H. Sheppard, Page 2

insurance companies" were included for the first time. The balance of the Act was substantially the same as before.

In the Revised Statutes of 1911, Article 7355 (Section 20) provided for an occupation tax upon general adjusters of losses, or agents of fire and marine insurance companies. "Local agents" were not taxed, neither were "general adjusters of losses, nor agents" of life or accident insurance companies.

In the Revised Statutes of 1925, Section 20 of Article 7355 (1911) was carried forward in identical wording as Section 10 of Article 7047(1925).

In 1931, H.B. 251, Acts of the Regular Session, 42nd Legislature, amended Section 10 of Article 7047(1925) as follows:

(1) Said Section 10 was divided into subsections (a) and (b), reading as follows:

"(a) Insurance Adjusters.-From every insurance adjuster, who adjusts insurance losses, whether employed by an insurance company, or companies, or by an adjustment bureau, or by the insured whether a member of a firm, association of persons, or whether an agent or officer of such firm, association, or of any corporation, whether the charge therefor be paid by the insured or the insurer, an annual tax of Fifty Dollars ($50.00).

"(b) General and Special Agents.- From each and every person acting as a general or special agent of every insurance company that may transact any insurance business in this State, an annual occupation tax of Twenty-five Dollars ($25.00). By "general agent" as used herein, is meant any person, whether a member of a firm or association, or as representative or employee, who may exercise a general supervision over the business of any insurance company in this State, or over local agencies of such insurance companies, or any person supervising such business, or any part thereof, as contradistinguished

Honorable George H. Shepperd, Page 3

from a local agent or local agency. By
"special agent" as used herein, is meant
any person, whether a member of a firm or
association, or as representative or em-
ployee, who may exercise supervision in
any executive capacity, other than of an
officer of such company, over the business
of any insurance company in this State, or
over the adjustment of losses or the placing
of risks. But one payment of the annual oc-
cupation tax herein imposed shall be required
of any one person under this subdivision.
Acts 1897, 1st C.S., p. 49; Acts 1931, 42nd
Leg., p. 355, ch. 212 § 1."

(2) Other changes were as follows:

(a) "General adjusters of losses . . . . of fire
and marine insurance companies" was changed to "every insurance
adjuster, who adjusts insurance loses", with no reference to
fire and marine insurance companies.

(b) "General agents of fire and marine insurance
companies" was changed to general agents "of every insurance
company".

(c) "Special Agents" of every insurance company
was inserted into the law for the first time.

The caption or title of the Act reads, in so
far as pertinent here, as follows:

"An Act amending subsections 4, 6, 7, 8, 9, 10,
12, 15, 23 . . . . of Article 7047 . . . . "

Section 35, Article 3 of our Constitution reads
as follows:

"No bill, (except general appropriation
bills, which may embrace the various subjects

Honorable George H. Sheppard, Page 4

and accounts, for and on account of which
moneys are appropriated) shall contain more
than one subject, which shall be expressed
in its title. But if any subject shall be
embraced in an act, which shall not be ex-
pressed in the title, such act shall be void
only as to so much thereof, as shall not be
so expressed."

It is contended that the title to H.B. 251 above
is defective and violative of Section 35, Article 3 of our
Constitution. The question is:

Whether the title to the Amendatory Act
(H.B. 251 above) is sufficient to allow the
amendment of subsection 10b of Article 7047,
which provides for an occupation tax only
upon general agents of fire and marine in-
surance companies, to cover general agents
of every insurance company, and special agents
of every insurance company?

It should be observed that "special agents" of
every insurance company was inserted into the law for the
first time by such amendatory Act, and "general adjusters
of losses" and "general agents" had been previously con-
fined to such adjusters and agents "of fire and marine
insurance companies".

The purpose of Section 35, Article 3 of our
Constitution, and similar constitutional provisions else-
where, is well expressed in Cooley's "Constitutional Limi-
tations", Volume 1, page 300 (Eighth Edition):

"First, to prevent 'hodge-podge' or
'log-rolling' legislation; second, to pre-
vent surprise or fraud upon the legislature
by means of provisions in bills of which
the titles give no intimation, and which
might therefore be overlooked and care-
lessly and unintentionally adopted; and

Honorable George H. Sheppard, Page 5

third, to fairly apprise the people, through
such publication of legislative proceedings
as is usually made, of the subjects of legis-
lation that are being considered, in order
that they may have an opportunity of being
heard thereon, by petition or otherwise, if
they shall so desire."

For Texas cases to the same effect, see citations
in 39 Texas Jur. p. 77.

It is the settled rule that "a liberal construction
will be applied in determining whether or not a statute vio-
lates Section 35, Article 3 of the Constitution, and, where
the provisions are germane in any degree, the law will be
upheld". Katz v. State, 54 S.W. (2d) 130.

It has been said in Gibson v. Sterrett, 144 S.W.
1189, that "it is sufficient compliance with the constitutional
requirement if the subject-matter of the amendment is germane
to the subject matter of the original act, and is within the
title of that Act".

Applying these principles to our factual situation,
we believe the title to the amendatory act insufficient to
levy a valid occupation tax upon any persons not "general
agents of fire and marine insurance companies", for the follow-
ing reasons:

(a) INSUFFICIENCY OF TITLE:

The title to the amendatory act is copied above.
That portion of the amendatory act which applies to general
agents "of every insurance company", and "special agents"
of every insurance company, is new substantive matter not
expressed in the title. We cannot refer to the title of
the Original Act to see if its title was broad enough to
include such new substantive matter, as suggested by Gibson
v. Sterrett, supra, because the original act (Article 7047,
R.C.S., 1925) was copied from the identical wording of Arti-
cle 7355 of the Revised Statutes of 1911. Since both of

Honorable George H. Sheppard, Page 6


these Articles appear in Revised Statutes, it was not
necessary for either of them to have a title, but it is
significant that Article 7355 (1911) limits the prior
statutes to the subject of "fire and marine insurance com-
panies". It cannot be said, therefore, that the new sub-
stantive matter contained in the amendatory act is expressed
either in the title of the amendment or the amended act.

### (b) NOTICE:

In Sutherland v. Board of Trustees, 261 S.W.
489, the true test to be applied in cases of this character
is said to be:

> "Does the title fairly give notice by
> its recitals, to all persons concerned, of
> the subject-matter of the Act?"

No one would seriously contend that the title
in question gave notice to anyone not a general agent of
a fire and marine insurance company. Especially is this
true when we consider that no attempt had been made from
1911 to 1931 to levy an occupation tax upon agents of in-
surance companies other than "fire and marine insurance
companies".

### (c) AMENDMENT GERMANE?

In our opinion the most difficult question is
whether the amendment is germane to the subject matter of
the amended act "in any degree". The main subject matter
of the original act was an occupation tax upon general
agents of fire and marine insurance companies. Was there
a sufficiently close connection in subject matter between
the original act and the amendatory act, which embraced
general and special agents of every insurance company, to
sustain the amendment? We think not. Our opinion would
be different if the title to the original act involved
the subject of insurance agents generally, and the body
of the Act was limited to "fire and marine insurance com-
panies", but since there was no title to the original Act
(it appearing in a revised edition of the statutes), and
the subject matter of the prior acts were changed and limited
to "fire and marine insurance companies" by such revisions,
we are compelled to say that the provisions of the amendatory

act are not sufficiently connected with the main subject matter of the amended act to sustain the amendments.

Subsection 23 of the amendatory act in question was held void in Ex parte Turner, 55 S.W. (2d) 833, because it contained new substantive matter not germane or pertinent to that contained in subsection 23 of Article 7047, and was legislation upon a subject not expressed in the caption to the act. There the subsection of the amendatory act made no reference to anything contained in the original subsection, and was in no way germane to anything contained in such subsection, but related to an entirely different subject matter. It presents a stronger factual situation than we have here, but it is submitted that this precedent is very persuasive, if not controlling.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Thos. B. Duggan
Thos. B. Duggan
Assistant

TBD:aw

APPROVED FEB 19, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE

BY _____
CHAIRMAN